STATE OF NORTH CAROLINA v. WILLIAM MURRAY MOSER

No. 8410SC938

(Filed 16 April 1985)

**1. Rape and Allied Offenses § 18.2— attempted first-degree rape—evidence sufficient**

In a prosecution for attempted first-degree rape, defendant's motions for a directed verdict and to set aside the jury's verdict were properly denied where defendant intruded upon the victim while she was in his bathroom, told the victim to take off her clothes and have sex with him, made sexually suggestive comments, questioned her about her prior sexual experience, urged her to go into the bedroom, kissed her on the mouth when she attempted to push past him at the bathroom door, produced a knife and displayed it to the victim while saying that he did not want to have to hurt her, and abandoned the attempt only after being informed that the victim's father was a federal judge.

**2. Rape and Allied Offenses § 4.1— attempted first-degree rape—prior conviction admitted during State's case in chief—no error**

In a prosecution for attempted first-degree rape, there was no error in the admission of defendant's 1967 conviction for assault with intent to commit rape during the State's case in chief because a prior conviction was relevant to show why defendant abandoned his attempt when confronted with the fact that the victim's father was a federal judge.

**3. Criminal Law § 119— request for limiting instructions on prior conviction not in writing—instruction not given—no error**

There was no error in the court's refusal to instruct the jury on the limited use of defendant's prior record where defendant did not request a limiting instruction when the record was introduced into evidence and did not comply with the requirements of Rule 21 of the General Rules of Practice by submitting the requested instructions in writing. G.S. 1-181.

**4. Criminal Law § 138— prior conviction—introduced by State during case in chief—found in aggravation—no error**

In a prosecution for attempted first-degree rape, the court did not err by finding in aggravation that defendant had a prior conviction where evidence of

State v. Moser

a prior conviction was introduced to show why defendant abandoned his attempt and was not necessary to prove an element of the offense. G.S. 15A-1340.4(a)(1).

APPEAL by defendant from *Preston, Judge* and from *Lee, Judge.* Order entered 9 November 1983 in Superior Court, WAKE County. Judgment entered 26 March 1984 in Superior Court, WAKE County. Heard in the Court of Appeals 15 March 1985.

This is a criminal case in which defendant was tried by a jury before the Honorable Edwin S. Preston, Jr., Superior Court Judge. Upon a verdict of guilty of attempted first degree rape, Judge Preston ordered defendant to undergo pre-sentence diagnostic study. A sentencing hearing was conducted before the Honorable Thomas H. Lee, Superior Court Judge, on 26 March 1984. Defendant was sentenced to 12 years imprisonment and appeals.

The essential facts are:

On 31 January 1983, defendant, William Murray Moser, was a self-employed cleaning service operator. On that same date and at defendant's request, the victim, a chemical supply salesperson, made a sales call at defendant's residence which was also his place of business. The purpose of her sales call was to secure an order for cleaning chemicals.

The victim arrived at defendant's residence at approximately 8:30 a.m. and was wearing a woman's business suit. She and defendant met and talked in his den. The meeting included talk about college sports, drinking coffee and discussion about the cleaning products sold by the victim.

No decision to purchase cleaning chemicals was made and the business interview was drawing to a close when the victim asked defendant if she could use his bathroom. She was instructed by defendant to use a bathroom on the second floor of the house.

The victim went upstairs as directed, closed the bathroom door, but did not lock it. As she was finishing and in the process of pulling up her pants and panty hose, defendant entered the bathroom with the victim and ordered her not to pull her pants up. He then told her to take off her clothes. The victim responded by saying "please don't do this to me, just let me go, just let me go" and "you're scaring me."

Defendant put his hand on the victim's shoulder and kissed her on the mouth. Defendant then indicated that he wanted the victim to go to the bedroom with him and asked her questions about sexual behavior. The victim told defendant that she had a "problem" and couldn't go to the bedroom with him. Defendant then produced a folding knife from his rear pocket, opened it, held it in the air and stated to the victim, "I don't want to have to hurt you." The victim then told defendant that her father was a federal judge. At that point, defendant folded the knife and allowed the victim to go back downstairs.

Defendant attempted to engage victim in conversation about her "problem" and allowed her to leave after she promised to meet him at a local restaurant later that evening. The victim went to police and reported the incident and police arrested defendant at the restaurant.

Defendant later told the investigating officer that he wanted to have sex with the victim and that he wanted to scare her "and make love to her like she had never been made love to before."

The investigative officer testified that defendant used the word "fear" in conjunction with the use of the knife and that defendant stated that using the knife was his way of threatening and controlling the victim.

Defendant made a motion for directed verdict at the close of the State's evidence and did not present evidence at trial. The motion for directed verdict was denied and the jury returned a verdict of guilty of attempt to commit first degree rape. Defendant's motions to set aside the verdict and for a new trial were denied.

*Attorney General Edmisten, by Assistant Attorney General Walter M. Smith, for the State.*

*John T. Hall, for defendant-appellant.*

EAGLES, Judge.

I

[1] Defendant first assigns as error the sufficiency of the evidence from which the jury could find that defendant committed the crime of attempted first degree rape. We find no error.

Defendant argues that it was error for the trial court to fail to direct a verdict in favor of defendant with respect to the charge of attempted first degree rape and that it was also error for the trial court to fail to set aside the jury verdict of guilty as to that charge.

The test of the sufficiency of the evidence in a criminal prosecution is the same whether the issue is raised by motion for dismissal, directed verdict or nonsuit. *State v. Powell,* 299 N.C. 95, 261 S.E. 2d 114 (1980). The test is the same whether applied to circumstantial or direct evidence. *State v. Locklear,* 304 N.C. 534, 284 S.E. 2d 500 (1981). All evidence admitted, whether competent or incompetent, must be considered by the trial court in the light most favorable to the State, giving the State the benefit of every reasonable inference that might be drawn therefrom. Any contradictions or discrepancies in the evidence are for resolution by the jury. *State v. Witherspoon,* 293 N.C. 321, 237 S.E. 2d 822 (1977). The trial court must decide whether there is substantial evidence of each element of the offense charged. Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *State v. Smith,* 300 N.C. 71, 265 S.E. 2d 164 (1980).

Here, defendant is charged in an indictment with attempted first degree rape. The elements of first degree rape, as applied to the evidence in this case, are (1) vaginal intercourse, (2) with another person, (3) by force, (4) against the will of that person, and (5) the use or display of a dangerous or deadly weapon which the other person reasonably believes to be a dangerous or deadly weapon. G.S. 14-27.2(a)(2). Though not defining "attempt," G.S. 14-27.6 sets forth the penalty for an attempt to commit first degree rape as defined by G.S. 14-27.2 as a Class "F" felony. A Class "F" felony carries a presumptive sentence of 6 years imprisonment and a maximum of 20 years imprisonment.

An attempt to commit rape has been defined as having the elements of (1) an intent to commit rape and (2) an overt act done for that purpose which goes beyond mere preparation but falls short of the completed offense. *State v. Freeman,* 307 N.C. 445, 298 S.E. 2d 376 (1983); *State v. Smith, supra.* Defendant argues that the State lacked substantial evidence to establish the ele-

ment of "intent" as it applies to attempted first degree rape. We disagree.·

In construing the offense of assault with intent to commit rape under prior law and pertinent to the crime of attempted rape here, the North Carolina Supreme Court held:

> It is not necessary to complete the offense [of attempted first degree rape] that the defendant retained the intent throughout the [attempt] but if he, *at any time during the [attempt]*, have an intent to gratify his passion upon the woman, notwithstanding any resistance on her part, the defendant would be guilty of [attempted first degree rape if he employed or displayed a dangerous or deadly weapon] . . . Intent is an attitude or emotion of the mind and is seldom, if ever, susceptible of proof by direct evidence, it must ordinarily be proven by circumstantial evidence, i.e., by facts and circumstances which may be inferred.

*State v. Banks*, 295 N.C. 399, 412, 245 S.E. 2d 743, 752 (1978).

In the present case there was evidence that tended to show that defendant intruded upon the victim while she was in his bathroom. Defendant told the victim to "take off her clothes and have sex with [him]." He made sexually suggestive comments, questioned her about her prior sexual experience, and urged her to go into the bedroom. When she attempted to push past him at the bathroom door, he kissed her on the mouth. The evidence further tends to show that defendant produced a knife and displayed it to the victim as his way of threatening and controlling her, saying that he did not "want to have to hurt" her. It was only after being informed that the victim's father was a federal judge that defendant abandoned the rape attempt. Up to that point, the evidence is sufficient from which a jury could find that defendant intended to have sexual intercourse with the victim notwithstanding the resistance that she offered and that the acts of ordering her to disrobe, blocking her exit from the bathroom, kissing her and displaying the knife were sufficient "overt acts" to complete the crime of attempted first degree rape. For these reasons, it was not error for the trial court to deny defendant's motions for directed verdict and to set aside the jury's verdict.

## II

[2]   Defendant next assigns as error the admission of his record of a prior conviction of assault with intent to commit rape during the State's case-in-chief. We find no error.

At trial, the State offered into evidence a certified copy of a judgment showing that defendant pleaded guilty to assault on a female with intent to commit rape in 1967. Defendant received a sentence of 12 to 15 years imprisonment.

Defendant argues on appeal that since defendant did not testify at trial, evidence concerning his bad character or prior criminal convictions was not admissible against him. *See State v. Sills*, 311 N.C. 370, 317 S.E. 2d 379 (1984); *State v. Wilson*, 311 N.C. 117, 316 S.E. 2d 46 (1984). The general rule is that in a prosecution for a particular crime, the State cannot offer evidence tending to show that defendant has committed another separate offense. *State v. McClain*, 240 N.C. 171, 81 S.E. 2d 364 (1954). However, the general rule is subject to certain well-recognized exceptions. In *McClain, supra*, Justice Ervin quoted with approval the test articulated by the South Carolina Supreme Court for determining the admissibility of evidence of other crimes.

> The acid test is its logical relevancy to the particular ex-cepted purpose or purposes for which it is sought to be in-troduced. If it is logically pertinent in that it reasonably tends to prove a material fact in issue, it is not to be rejected merely because it incidentally proves the defendant guilty of another crime. 240 N.C. at 177, 81 S.E. 2d at 368.

Evidence of acts of the accused which tend to establish the requisite mental intent to commit the crime charged is a well-recognized exception to the general prohibition against the admis-sion of evidence of prior offenses. *Id.* at 175, 81 S.E. 2d at 366. Though we note that a 1967 conviction for a similar crime may be too remote in time to tend to establish the requisite mental intent of defendant to commit the crime with which he is now charged, the prior conviction is logically pertinent in that it reasonably tends to prove a material fact in issue; i.e., why defendant aban-doned his rape attempt when confronted with the fact that the victim's father was a federal judge. At trial the prosecutor stated that defendant's record was being introduced to show that he had

spent time in prison and was therefore acutely sensitive to the subject of judges and that he did not carry through with his intention to rape the victim because she told him that her father was a federal judge. In this context we believe that the prior conviction, though not necessary to prove the element of intent, is nevertheless relevant to show that defendant intended to rape the victim but abandoned his attempt only when told her father was a federal judge and is admissible under the general rule stated in *McClain, supra*.

## III

[3]    Defendant next assigns as error the trial court's refusal to instruct the jury on the limited use of defendant's prior record as evidence. We find no error.

Defendant argues that the trial court committed reversible error because it failed to give a limiting instruction to the jury with respect to the evidence that defendant had been convicted of a prior crime. At the time defendant's record was introduced into evidence, however, no request for a limiting instruction was made. Furthermore, at the conference on jury instructions pursuant to G.S. 15A-1231, defendant failed to comply with the requirements of Rule 21 of the General Rules of Practice in that defendant did not submit a proposed limiting instruction to the trial court for its consideration even after the trial court requested that he do so:

> *Defense Attorney*: The last thing that I requested [sic] the Court is that there be a limited instruction in the charge to the jury concerning the admission into evidence of the defendant's prior conviction for assault on a female with intent to commit rape.

> *Court*: In response to that . . . in accordance with Rule 21 I request that you submit your proposed limited instructions in writing so I can look at them and digest them and pass upon your motion.

> *Defense Attorney*: Your honor, I'm unable to comply with that request for the reason that I cannot find any case which would aid me in doing any limited instructions concerning that piece of evidence. I do not know why it has been admit-

ted and cannot put in writing how it should therefore be limited.

G.S. 1-181 requires that requests for special instructions must be submitted to the trial judge in writing, entitled in the cause, signed by counsel and submitted before the judge's charge to the jury. Rule 21 of the General Rules of Practice requires that special instructions be submitted in writing to the trial judge at or before the jury instruction conference. In violation of Rule 21 of the General Rules of Practice and G.S. 1-181, defendant failed to apprise the trial court in writing of the nature and language of the instruction he sought to be given to the jury. When pressed to do so, defendant said he was "unable" to. Accordingly, it was not error for the trial court to refuse to give the orally requested instruction. *State v. McLawhorn,* 43 N.C. App. 695, 260 S.E. 2d 138 (1979), *cert. denied,* 299 N.C. 123, 261 S.E. 2d 925 (1980); *State v. Ervin,* 26 N.C. App. 328, 215 S.E. 2d 845 (1975).

IV

**[4]** Defendant next assigns as error the imposition of an active term of imprisonment in excess of the presumptive term. We find no error.

During the sentencing hearing, the trial court made a finding in aggravation that defendant had a prior conviction of a criminal offense punishable by more than 60 days confinement. The trial court further found that the factor in aggravation outweighed the factor in mitigation that defendant suffers from some psychiatric or psychological disturbance. The basis of defendant's argument is that the use of evidence of defendant's prior conviction during the State's case-in-chief as an element of the offense charged prohibits that same evidence from being used to prove a factor in aggravation at sentencing. G.S. 15A-1340.4(a)(1) provides in pertinent part: "Evidence *necessary* to prove an element of the offense may not be used to prove any factor in aggravation." (Emphasis added.) While we agree that this is the law as to evidence necessary to prove an element of the crime charged, the evidence of defendant's prior conviction, while some evidence of intent, is not necessary to prove the intent element. The evidence was offered and admitted to show a material fact in issue; why defendant abandoned his attempt to rape the victim when he did. G.S. 15A-1340.1(a)(1) contemplates that it is not the use of evidence

which is merely inherent in the offense, but the use of evidence necessary to prove an element of the offense which is proscribed. *See, State v. Abdullah,* 309 N.C. 63, 306 S.E. 2d 100 (1983); *State v. Thobourne,* 59 N.C. App. 584, 297 S.E. 2d 774 (1982), disagreed with on other grounds in *State v. Ahearn,* 307 N.C. 584, 300 S.E. 2d 689 (1983). Accordingly, it was not error for the trial court to use evidence of defendant's prior conviction as a factor in aggravation at sentencing.

For the reasons herein stated, we find no error in the trial of this case. Defendant's remaining assignments of error are without merit.

No error.

Judges WHICHARD and JOHNSON concur.