COURT OF APPEALS OF VIRGINIA


Present:  Judges Baker, Coleman and Senior Judge Cole
Argued at Richmond, Virginia


WARREN LEE CHRISMAN
                                    MEMORANDUM OPINION[*] BY
v.          Record No. 1724-95-3    JUDGE SAM W. COLEMAN III
                                          APRIL 30, 1996
COMMONWEALTH OF VIRGINIA

          FROM THE CIRCUIT COURT OF THE CITY OF WAYNESBORO
                  Rudolph Bumgardner, III, Judge

          William E. Bobbitt, Jr., Public Defender, for
     appellant.

          Brian Wainger, Assistant Attorney General
          (James S. Gilmore, III, Attorney General, on
          brief), for appellee.


     Warren Lee Chrisman appeals his conviction for attempted

robbery in violation of Code §§ 18.2-58 and 18.2-26.  Chrisman

contends that the evidence is insufficient to prove that he

intended to commit robbery or that he committed an overt act in

furtherance of robbery.  We hold that the evidence is sufficient

to support the defendant's conviction.

     "[A]n attempt is composed of two elements:  the intention to

commit the crime, and the doing of some direct act towards its

consummation which is more than mere preparation but falls short

of execution of the ultimate purpose."  Hopson v. Commonwealth,

15 Va. App. 749, 752, 427 S.E.2d 221, 223 (1993) (quoting

Sizemore v. Commonwealth, 218 Va. 980, 983, 243 S.E.2d 212, 213

_____

          [*] Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

(1978)).  Although the Commonwealth must prove an overt act in order to establish an attempt, "if 'the design of a person to commit a crime is clearly shown, slight acts done in furtherance of this design will constitute an attempt.'"  Tharrington v. Commonwealth, 2 Va. App. 491, 494, 346 S.E.2d 337, 339 (1986) (quoting State v. Bell, 311 N.C. 131, 141, 316 S.E.2d 611, 616 (1984)).

Here, Thomas Joyce testified unequivocally that the defendant stated that "he was going to take [Joyce's] money and . . . was going to shoot [Joyce]."  Although Joyce did not see a gun, he testified that the defendant "put his right hand in his pocket, over towards the passenger door, and he motioned as he spoke with his pocket, with his hand in his pocket."  Joyce, a former police officer, stated that he "had no doubt in [his] mind that [the defendant] was going to . . . shoot [him] and take what money [he] had."  See Braxton v. Commonwealth, 13 Va. App. 585, 587-88, 414 S.E.2d 410, 412 (1992) (holding that intent to commit robbery could be inferred in part from the accused's conduct of holding his hand in his pocket, which "frightened [the victim] and further caused her to believe she was about to be robbed").

After driving the defendant around in the taxi for a few minutes, Joyce turned into the parking lot of a convenience store, exited the car, and went into the store in order to escape the defendant.  The defendant followed Joyce into the store, and while holding his right hand in his pocket yelled, "I don't want

anybody to get hurt."  See id. at 587, 414 S.E.2d at 412 ("If [the accused] was attempting a lawful withdrawal, he had no reason to make references to harm which might come to the [victim]").  According to the store clerk, the defendant looked "really strained," and said, "where are you, come on out."  When the defendant noticed that Joyce was on the phone, he stated, "put the phone down, put it down now."  The clerk testified that it appeared to her that the defendant had a gun under his jacket and that he was pointing it at Joyce.  After the defendant confronted Joyce, he left the store and went to the driver's side of the taxi, "like he was going to get in," but Joyce had taken the keys, as well as the bag containing the money, with him.  The defendant "looked in" the car and then disappeared around the side of the store and was not seen again that night.

Although the defendant contends that certain aspects of his conduct were inconsistent with an intent to commit robbery, we must review the evidence in the light most favorable to the Commonwealth.  Higginbotham v. Commonwealth, 216 Va. 349, 352, 218 S.E.2d 534, 537 (1975).  The defendant's statement that he was going to shoot Joyce and take his money is sufficient to prove beyond a reasonable doubt that he intended to rob Joyce. Furthermore, the defendant committed numerous overt acts in furtherance of the robbery by placing his hand in his pocket in a manner that caused Joyce to believe that he had a gun, following Joyce into the store and stating that he did not "want anybody to

get hurt," and attempting to enter the taxi after leaving the store.  Accordingly, the evidence is sufficient to sustain the defendant's conviction for attempted robbery.

<u>Affirmed.</u>
