COURT OF APPEALS OF VIRGINIA


Present:  Judges Annunziata, Frank and McClanahan


ERIC M. WILLIAMS
                                        MEMORANDUM OPINION* BY
v.      Record No. 0641-03-1          JUDGE ELIZABETH A. McCLANAHAN
                                                 APRIL 6, 2004
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF SUFFOLK
Rodham T. Delk, Jr., Judge

    (Johnnie E. Mizelle, on brief), for appellant.  Appellant
    submitting on brief.

    (Jerry W. Kilgore, Attorney General; Alice T. Armstrong,
    Assistant Attorney General, on brief), for appellee.  Appellee
    submitting on brief.


    Eric M. Williams appeals his conviction for attempted robbery, in violation of Code §§

18.2-26 and 18.2-58.  On appeal, Williams contends that the trial court erred in finding that the

evidence was sufficient to sustain his conviction.  For the reasons that follow, we affirm the trial

court.

I.  Background

    On appeal, "[w]e must view the evidence and all reasonable inferences drawn therefrom

in the light most favorable to the Commonwealth, the prevailing party at trial."  Commonwealth

v. Jones, 267 Va. 284, 286, 591 S.E.2d 68, 69 (2004) (citing Commonwealth v. Hudson, 265 Va.

505, 514, 578 S.E.2d 781, 786, cert. denied, 124 S. Ct. 444 (2003)).  "'In so doing, we must

discard the evidence of the accused in conflict with that of the Commonwealth, and regard as

true all the credible evidence favorable to the Commonwealth and all fair inferences that may be

─────────────────────

    * Pursuant to Code § 17.1-413, this opinion is not designated for publication.

drawn therefrom.'" Watkins v. Commonwealth, 26 Va. App. 335, 348, 494 S.E.2d 859, 866 (1998) (quoting Cirios v. Commonwealth, 7 Va. App. 292, 295, 373 S.E.2d 164, 165 (1988)).

On June 20, 2002, Jonathan Daughtrey saw two men standing and talking by the back corner of the BB&T bank in Holland, Virginia, across the street from where Daughtrey works. The men were later identified as Williams and Darrin Cooper. Several minutes later, he noticed them walking toward the bank entrance with bandanas over their faces and Williams holding a knapsack with his hand inside. As Williams and Cooper walked toward the bank entrance, they made eye contact with Daughtrey. At that point, they pulled their masks off their faces and Williams took his hand out of the bag, and threw it across his back. Williams and Cooper continued walking toward the bank entrance, paused at the entrance, and then continued walking away from the bank and down the street. Daughtrey immediately telephoned the police and then followed Williams and Cooper in his truck. He spotted Williams and Cooper walking down the railroad tracks, and then waited in a gas station lot to call the police to inquire whether they were responding. Shortly thereafter, Daughtrey noticed the men pass him in a car with Williams driving.

Officer Neil Boone, of the Suffolk Sheriff's Department, stopped Willliams' car. Williams claimed to be in Holland to see someone about a job, but could not provide the officer with the person's name. After determining that Williams was driving on a suspended license, Boone conducted a sweep of the vehicle, finding a pellet-like gun that looked like a .40 or .45 caliber handgun, two bandanas, latex gloves and a knapsack. A scalp hat and a BB&T bank brochure were also found under the passenger seat. Williams and Cooper were placed under arrest.

In a statement to police, Williams admitted that he did not have an appointment to see someone about a job, but that he went along with Cooper because he would give him gas money.

He admitted he heard Cooper talk about robbing a bank the day before, but that he "wasn't going to rob no bank, but [he] needed the money." He admitted driving to the bank in Holland.

At trial, Williams argued that he could not be convicted of attempted robbery because he made no overt act toward the commission of the crime. On this issue, the trial court found:

> They were beside the store, the bank. That's when Mr. Daughtrey saw them. They moved towards the street, they pulled the masks up, he saw them. When eye contact was made they pulled the mask[s] down . . . . They knew they had been spotted. They moved to the front door, they stopped . . . . They stopped at the front door. That's more than mere preparation. Those are specific acts to further the crime of robbery.

The court then convicted Williams of attempted robbery. At the sentencing hearing, the trial judge stated, "Mr. Williams was more than just a passive participant. He wasn't along for the ride. He was the ride."

## II. Analysis

When faced with a challenge to the sufficiency of the evidence, we "'presume the judgment of the trial court to be correct' and reverse only if the trial court's decision is 'plainly wrong or without evidence to support it.'" Kelly v. Commonwealth, 41 Va. App. 250, 257, 584 S.E.2d 444, 447 (2003) (*en banc*) (citations omitted); see also McGee v. Commonwealth, 25 Va. App. 193, 198, 487 S.E.2d 259, 261 (1997) (*en banc*). A reviewing court does not "ask itself whether *it* believes that the evidence at the trial established guilt beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 318-19 (1979) (emphasis in original and citation omitted). We must instead ask whether "*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Kelly, 41 Va. App. at 257, 584 S.E.2d at 447 (quoting Jackson, 443 U.S. at 319) (emphasis in original and internal quotation marks omitted); see also Hoambrecker v. City of Lynchburg, 13 Va. App. 511, 514, 412 S.E.2d 729, 731 (1992). "'This familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts

in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts.'" Kelly, 41 Va. App. at 257-58, 584 S.E.2d at 447 (quoting Jackson, 443 U.S. at 319).

"'An attempt is composed of two elements: the intention to commit the crime, and the doing of some direct act towards its consummation which is more than mere preparation but falls short of execution of the ultimate purpose.'" Hopson v. Commonwealth, 15 Va. App. 749, 752, 427 S.E.2d 221, 223 (1993) (quoting Sizemore v. Commonwealth, 218 Va. 980, 983, 243 S.E.2d 212, 213 (1978)); see also Johnson v. Commonwealth, 209 Va. 291, 293, 163 S.E.2d 570, 573 (1968). "'The question of what constitutes an attempt is often intricate and difficult to determine, and . . . no general rule can be laid down which will serve as a test in all cases. Each case must be determined on its own facts.'" Hopson, 15 Va. App. at 752, 427 S.E.2d at 223 (quoting Sizemore, 218 Va. at 985, 243 S.E.2d at 215).

Williams does not contest that he had the intention to commit the crime. He argues, however, that the evidence presented at trial was insufficient to prove attempted robbery because the Commonwealth failed to prove the requisite overt act.

To prove an attempt, the Commonwealth must demonstrate an overt, ineffectual act which "must go beyond mere preparation and be done to produce the intended result." Tharrington v. Commonwealth, 2 Va. App. 491, 494, 346 S.E.2d 337, 339 (1986) (citation omitted). "Whenever the design of a person to commit a crime is clearly shown, slight acts done in furtherance of this design will constitute an attempt . . . ." Martin v. Commonwealth, 195 Va. 1107, 1112, 81 S.E.2d 574, 577 (1954).

> Such an act is not required to be the last proximate act toward the completion of the offense, but it must go beyond mere preparation and be done to produce the intended result. An overt act is required to prove an attempted offense because without it, there is too much uncertainty as to the accused's actual intent. However, if

the design of a person to commit a crime is clearly shown, slight acts done in furtherance of this design will constitute an attempt.

Tharrington, 2 Va. App. at 494, 346 S.E.2d at 339 (internal quotations and citations omitted).

The evidence established that Williams and Cooper talked about robbing a bank the day before. Williams drove to Holland and then parked his car in a remote location near the railroad tracks. They stood outside the bank talking with each other and then pulled bandanas over their faces. Williams carried a knapsack with his hand inside, and the two men walked toward the entrance to the bank. When they made eye contact with Daughtrey, they pulled down the masks, but continued walking toward the entrance to the bank. They paused at the entrance, but at the last minute, aborted their plan and walked away. At the sentencing hearing, the trial court noted, "There is no reason why this robbery would not have been in fact completed." The evidence is credible and sufficient for the fact finder to conclude that Williams did an overt act toward realizing the ultimate purpose of robbery.

### III. Conclusion

Credible evidence supports the trial court's verdict, and therefore, we will not set aside the judgment. Accordingly, we affirm the trial court.

<u>Affirmed.</u>