COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present: Chief Judge Huff, Judges Decker and AtLee
Argued at Chesapeake, Virginia


GERALD HENDERSON

                                   MEMORANDUM OPINION[*] BY

v.       Record No. 0060-15-1            JUDGE MARLA GRAFF DECKER
                                          DECEMBER 15, 2015

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF PORTSMOUTH
Kenneth R. Melvin, Judge

W. McMillan Powers, Assistant Public Defender, for appellant.

Susan Baumgartner, Assistant Attorney General (Mark R. Herring,
Attorney General, on brief), for appellee.


Gerald Henderson appeals his conviction for attempted statutory burglary with intent to
commit assault and battery in violation of Code §§ 18.2-26 and -91. He contends that the evidence
was insufficient to support his conviction because it failed to prove both that he intended to commit
assault and battery inside rather than outside the victim's apartment and that he engaged in a direct
act in furtherance of gaining entry. We hold that the evidence, viewed under the proper legal
standard, proves both challenged elements. Consequently, we affirm the conviction.[1]

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] The conviction and sentencing orders cite only Code § 18.2-26 as the crime of
conviction. That code section merely sets out the punishment for attempts to commit other
crimes. Additionally, the punishment provided in Code § 18.2-26 for an attempt crime is
determined by the classification of the underlying felony that was attempted. The indictment
charged the appellant with violating Code §§ 18.2-26, -90, and -91. Other portions of the record
make clear that the court convicted the appellant of attempting to commit statutory burglary as
proscribed by Code § 18.2-91. Therefore, we remand to the circuit court solely for the purpose
of entering corrected orders reflecting that the appellant's conviction was rendered under both
Code §§ 18.2-26 and -91. See, e.g., Bazemore v. Commonwealth, 42 Va. App. 203, 224, 590
S.E.2d 602, 612 (2004) (en banc).

## I. BACKGROUND

On the evening of August 12, 2013, Stuart Williams was at home in his first-floor apartment. An external door to the apartment building opened into a common area, which in turn led to the doors to four individual apartments, including Williams.' Around 6:30 or 7:00 p.m., before dark, Williams heard someone "banging on the [steel] door very hard" and calling his name, "[s]o [he] knew it had to be for [him]."[2] Williams recognized the voice as that of Gerald Henderson, the appellant, whom he had known for twelve years. The appellant, in addition to continuing to bang on the door and call Williams' name, repeatedly said, "I know you're in there, come on out," and "I'm going to mess you up."

Williams immediately called 911 and remained on the phone throughout the incident. He stayed away from the doors and windows and never actually saw the appellant. Williams explained, however, that the banging generated "[r]eal hard thumps" and that no one could hit a steel door hard enough with their fists to produce the noise that he heard as the appellant was yelling at him. When the banging stopped, Williams' "[living room] windows bust[ed] out" while he was "standing there." After the windows broke, the attack suddenly stopped. Williams testified that the entire incident lasted twenty to twenty-five minutes.

Officer Delmonte of the Portsmouth Police Department arrived at Williams' apartment about twenty minutes after Williams initiated the 911 call. Officer Delmonte observed a shattered

---

[2] The record does not make clear whether Williams was referring to the outer door of the building or the inner door to his apartment. The evidence proved that another person resided with the victim in his apartment. Accordingly, the victim's statement that he "knew it had to be for [him]" because the person was calling his name does not resolve the question of which door was involved. Due to the lack of proof on this point and the fact that the trial court made no finding on it, we proceed as if the door referenced was the outer one.

window and also saw the appellant.[3]  Officer Szczepanski, who assisted Officer Delmonte, received information that the suspect was the appellant and that he had fled on a bicycle, with a baseball bat in his possession.  Szczepanski circled the area and saw someone fitting the appellant's description about half a mile from Williams' apartment.  The person was riding a bicycle, carrying a baseball bat, and sweating profusely.  Although the person originally gave Szczepanski a false name, the officer ultimately identified the man as the appellant.

The appellant was tried for attempted statutory burglary.  At the conclusion of his bench trial, the court found him guilty of attempted statutory burglary in the daytime for the purpose of committing assault and battery.[4]  It sentenced him to three years in prison with two years three months suspended.

## II.  ANALYSIS

The appellant challenges the sufficiency of the evidence to support his conviction for attempted statutory burglary.  When the sufficiency of the evidence is challenged on appeal, the Court reviews the evidence in the light most favorable to the prevailing party at trial, in this case the Commonwealth, and accords to that party all inferences fairly drawn from the evidence.  E.g., Grimes v. Commonwealth, 288 Va. 314, 318, 764 S.E.2d 262, 264 (2014).  The relevant question is whether, viewing the evidence under this standard, "any rational trier of fact" could have found that "the essential elements of the crime" were proved beyond a reasonable doubt.  Wright v. Commonwealth, 49 Va. App. 312, 317, 641 S.E.2d 119, 121 (2007) (quoting Jackson v. Virginia, 443 U.S. 307, 319 (1979)).  This standard of review "gives full play to the responsibility of the trier

---

[3] Officer Delmonte gave no additional testimony about the circumstances under which he saw the appellant at Williams' apartment.  Williams, however, testified that he provided the police with a general physical description of the appellant, although he merely heard rather than saw the appellant that night.

[4] The evidence conflicted regarding whether the incident occurred before or after dark. The trial court found that the crime occurred during the daytime, and the appellant does not dispute that finding on appeal.

of fact fairly to resolve [any] conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." Id. (quoting Jackson, 443 U.S. at 319). The appellate court will not set aside the trial court's judgment unless, viewed under this standard, the judgment is "plainly wrong or without evidence to support it." Grimes, 288 Va. at 318, 764 S.E.2d at 264 (quoting Code § 8.01-680).

The appellant's conviction required proof of an attempt to commit statutory burglary by breaking and entering with the intent to commit an assault and battery. See Code §§ 18.2-26, -89, -90, -91; Bruce v. Commonwealth, 22 Va. App. 264, 270, 469 S.E.2d 64, 68 (1996), aff'd, 256 Va. 371, 506 S.E.2d 318 (1998). An attempt to commit a crime, punishable under Code § 18.2-26, is a common law offense composed of two elements: (1) the intent to commit the crime and (2) a direct, ineffectual act toward the commission of the crime. E.g., Barrett v. Commonwealth, 210 Va. 153, 156, 169 S.E.2d 449, 451 (1969); Johnson v. Commonwealth, 209 Va. 291, 293, 163 S.E.2d 570, 573 (1968). Whether a defendant's actions established an attempt is "a fact-specific inquiry" to be conducted on "a case-by-case basis." Ashford v. Commonwealth, 47 Va. App. 676, 681, 626 S.E.2d 464, 466 (2006).

*A. Intent to Commit Assault and Battery Inside the Apartment*

The appellant suggests that his statements did not establish an intent to enter the victim's apartment. The evidence shows that the appellant initially yelled, "[C]ome on out," to the victim when he began banging on the door to the apartment building. The appellant argues that this statement disproved the Commonwealth's theory that he intended to enter the victim's apartment and proved instead, at most, an intent to lure the victim outside to fight.

In the case of attempt crimes, the fact finder is "allowed broad latitude" in determining the actor's specific intent. Fortune v. Commonwealth, 14 Va. App. 225, 229, 416 S.E.2d 25, 27 (1992). Under settled principles of law, intent may and often must be proved through circumstantial

- 4 -

evidence, such as a person's statements and actions. E.g., Ridley v. Commonwealth, 219 Va. 834, 836, 252 S.E.2d 313, 314 (1979); Slaughter v. Commonwealth, 49 Va. App. 659, 667, 644 S.E.2d 89, 92 (2007). In determining intent, the fact finder is entitled to draw inferences from those facts proved to be true, "so long as the inferences are reasonable and justified." Moody v. Commonwealth, 28 Va. App. 702, 706, 508 S.E.2d 354, 356 (1998). Additionally, "the fact finder may infer that a person intends the immediate, direct, and necessary consequences of his voluntary acts." Id. at 706-07, 508 S.E.2d at 356; see Ellis v. Commonwealth, 281 Va. 499, 507, 706 S.E.2d 849, 853 (2011). The fact finder also may conclude that the perpetrator acted with more than one intent. E.g., Moody, 28 Va. App. at 707-08, 508 S.E.2d at 356-57.

"Circumstantial evidence is as competent and is entitled to as much weight as direct evidence, provided it is sufficiently convincing to exclude every reasonable hypothesis except that of guilt." Coleman v. Commonwealth, 226 Va. 31, 53, 307 S.E.2d 864, 876 (1983). "When facts are equally susceptible to more than one interpretation, one which is consistent with the innocence of the accused, the trier of fact cannot arbitrarily adopt an inculpatory interpretation." Moody, 28 Va. App. at 706, 508 S.E.2d at 356. However, "[t]he hypotheses of innocence that must be excluded by the Commonwealth are 'those which flow from the evidence itself, and not from the imagination[] of [the appellant].'" Bright v. Commonwealth, 4 Va. App. 248, 252, 356 S.E.2d 443, 445 (1987) (quoting Cook v. Commonwealth, 226 Va. 427, 433, 309 S.E.2d 325, 329 (1983)). Whether a hypothesis of innocence is reasonable is a question of fact. E.g., Archer v. Commonwealth, 26 Va. App. 1, 12, 492 S.E.2d 826, 832 (1997). Consequently, such a finding may be set aside on appeal only if it is plainly wrong or without evidence to support it. Id. at 13, 492 S.E.2d at 832.

In other words, "[t]he statement that circumstantial evidence must exclude every reasonable theory of innocence is simply another way of stating that the Commonwealth has the burden of

proof beyond a reasonable doubt." Commonwealth v. Hudson, 265 Va. 505, 513, 578 S.E.2d 781, 785 (2003). In considering an appellant's alternative hypothesis of innocence in a circumstantial evidence case, we must determine "'not whether there is some evidence to support' the appellant's hypothesis of innocence, but, rather, 'whether a reasonable [fact finder], upon consideration of all the evidence, could have rejected [the appellant's] theories of his defense and found him guilty of [the charged crime] beyond a reasonable doubt.'" Emerson v. Commonwealth, 43 Va. App. 263, 277, 597 S.E.2d 242, 249 (2004) (alterations in original) (quoting Hudson, 265 Va. at 513, 578 S.E.2d at 785). Where, as here, "the factfinder has rejected the hypothesis as *unreasonable*, that determination cannot be overturned as arbitrary unless no rational factfinder would have come to that conclusion." Haskins v. Commonwealth, 44 Va. App. 1, 9, 602 S.E.2d 402, 406 (2004).

In the instant case, the appellant specifically said, "[C]ome on out," and "I'm going to mess you up," which the appellant contends supports his claim that he intended to lure the victim outside. However, the record contains significant additional evidence of what happened as the incident progressed, and the trial court was entitled to view the appellant's initial statement in the context of the entire record to determine his intent. See Burkeen v. Commonwealth, 286 Va. 255, 259-61, 749 S.E.2d 172, 175-76 (2013). The evidence supports a finding that the appellant, simultaneously with these statements, banged on the door to Williams' apartment building with a baseball bat and continued to do so for twenty to twenty-five minutes despite the fact that Williams did not open the door. The evidence and the inferences from it support a finding that when Williams did not come outside, and the banging and shouting did not succeed in allowing the appellant to gain access to Williams through the door, the appellant moved to the windows of Williams' apartment, hitting them and causing them to shatter while Williams was standing nearby inside. The appellant's statements and actions support a finding that when Williams did not come outside as the appellant wished, rather than leaving, the appellant continued to hit the door and then the windows with a bat

- 6 -

in an effort to gain access to the apartment, intending to carry out his threat to "mess [Williams] up" by assaulting and battering him inside the apartment. Based on this evidence, the fact finder's rejection of the appellant's hypothesis that he intended merely to lure Williams outside to fight was not plainly wrong.

Additionally, the fact that no evidence indicates that the appellant put his hands on the window sill or engaged in other behavior that might also show an intent to enter the residence after shattering the windows did not preclude the trial court from concluding that he intended to break and enter to commit assault and battery inside the apartment and that he stopped only because he was interrupted by the arrival of Officer Delmonte. See, e.g., Griggs v. Commonwealth, 220 Va. 46, 51, 255 S.E.2d 475, 478 (1979) (holding that to the extent that the circumstantial evidence could be argued to "indicate[] a lack of the requisite criminal intent [to commit burglary], nothing more than a[n] . . . issue [for the fact finder] was created"). Indeed, the evidence supports those findings. The record, viewed in the light most favorable to the Commonwealth, shows that the appellant banged and shouted for approximately twenty minutes, stopping and fleeing at the same time that law enforcement arrived.

The evidence, viewed under the appropriate standard, proves that the appellant, who wanted to "mess [the victim] up," beat on the door to the victim's apartment building with a baseball bat for an extended period of time and then used it to break the victim's living room windows. Further, the evidence, viewed in the light most favorable to the Commonwealth, shows that he ended his attack and fled only because Officer Delmonte arrived at the scene. Consequently, the evidence was sufficient to support the trial court's finding that the appellant intended to enter the victim's apartment to commit assault and battery inside.

*B. Direct Act Proving an Attempt to Enter the Apartment*

The appellant also challenges the sufficiency of the evidence to prove that he actually attempted to enter the apartment. He concedes that his shattering of Williams' front windows constituted a breaking, but he argues that he could not be convicted of the crime charged without evidence of an attempt to enter that was separate and distinct from the breaking. He suggests that the Commonwealth was required to present evidence, for example, that he left fingerprints on the windowsill or footprints showing that he "stepp[ed] onto a foothold."

Settled principles relating to the crime of attempt require proof of a direct act, sometimes called an overt act, in furtherance of the commission of the underlying offense. E.g., Tharrington v. Commonwealth, 2 Va. App. 491, 494, 346 S.E.2d 337, 339 (1986). Mere preparation is insufficient. Id. Generally, "preparation consists [of] . . . arranging the means or measures necessary for the commission of the offense," and "the attempt is the direct movement toward the commission after the preparations are made." Siquina v. Commonwealth, 28 Va. App. 694, 701, 508 S.E.2d 350, 354 (1998) (alterations in original) (quoting Granberry v. Commonwealth, 184 Va. 674, 678, 36 S.E.2d 547, 548 (1946)). To establish the requisite direct act, however, the act proved "need not be the last proximate act to the consummation of the crime in contemplation." Wilson v. Commonwealth, 249 Va. 95, 101-02, 452 S.E.2d 669, 674 (1995) (quoting Granberry, 184 Va. at 678, 36 S.E.2d at 548).

The rationale for requiring proof of an overt act is that, without such proof, "too much uncertainty [may exist] as to the accused's actual intent. However, if 'the design of a person to commit a crime is clearly shown, slight acts done in furtherance of this design will constitute an attempt.'" Tharrington, 2 Va. App. at 494, 346 S.E.2d at 339 (citation omitted) (quoting State v. Bell, 316 S.E.2d 611, 616 (N.C. 1984)). If the defendant's intent is clear, the direct or overt act used to prove an attempt need not be a significant one. See id.

In Black v. Commonwealth, 222 Va. 838, 840-41, 284 S.E.2d 608, 609 (1981), the Supreme Court focused on the proof of the defendant's intent in holding that the evidence was sufficient to "support[] a finding of an attempt to enter for an unlawful purpose." The Court noted the presence of a suspicious vehicle parked in the victim's driveway with its motor running and the fact that the defendant, upon the victim's return to her home, "offered a suspect explanation for his presence" there. Id. at 840, 284 S.E.2d at 609. Additionally, the Court noted that the evidence proved that during the victim's brief absence, someone had tampered with the sliding glass door, which was "jammed," and the back doorknob, which was "spinning freely." Id. It found that the evidence proved the defendant's intent to break and enter, as well as a direct act toward the accomplishment of that purpose. The direct act consisted of the defendant's obvious effort to open two different doors to the victim's home, which he abandoned in the hope of avoiding detection before accomplishing an entry. Id. at 840-42, 284 S.E.2d at 609-10.

Here, the appellant's intent to enter was clearly shown by his statements and conduct. See supra Part II.A. Thus, only "slight acts done in furtherance of this design" were required to prove an attempt. Tharrington, 2 Va. App. at 494, 346 S.E.2d at 339 (quoting Bell, 316 S.E.2d at 616). The appellant's acts of banging on the door over an extended period of time, breaking the windows, and then abruptly leaving when a police officer approached were similar to the actions of the defendant in Black, who tampered with the sliding glass door and doorknob yet abandoned his efforts when the occupant of the residence returned home. Black, 222 Va. at 840-41, 284 S.E.2d at 609. In this case, as in Black, the appellant committed a sufficient direct act toward the consummation of attempted burglary. Cf. Rogers v. Commonwealth, 55 Va. App. 20, 28-29, 683 S.E.2d 311, 315-16 (2009) (holding that where a robbery was foiled because the intended victim refused to open his apartment door, the armed men outside were nevertheless guilty of attempted

robbery and noting that the result would have been the same if the perpetrators had simply changed their minds at the same point in their endeavor).

### III.  CONCLUSION

We hold that the evidence, viewed under the proper legal standard, proves that the appellant had the requisite intent to break and enter for the purpose of committing assault and battery and that he engaged in a direct but ineffectual act toward the crime's commission.  Consequently, we affirm the appellant's conviction, and we remand the case to the trial court solely for the correction of a clerical error.  See supra note 1.

Affirmed and remanded with instructions.