COURT OF APPEALS OF VIRGINIA


Present:   Judges Humphreys, Beales and Senior Judge Coleman
Argued at Richmond, Virginia


THOMAS LEE TEASLEY SLAUGHTER
                                                                OPINION BY
v.         Record No. 0432-06-2                      JUDGE RANDOLPH A. BEALES
                                                                MAY 8, 2007
COMMONWEALTH OF VIRGINIA


                  FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
                              Thomas N. Nance, Judge Designate

             Michael E. Hollomon for appellant.

             Benjamin H. Katz, Assistant Attorney General (Robert F.
             McDonnell, Attorney General; Josephine F. Whalen, Assistant
             Attorney General, on brief), for appellee.


        Thomas Lee Teasley Slaughter (appellant) was indicted for burglary, under Code

§ 18.2-91, specifically alleging he "did feloniously and unlawfully break and enter in the daytime

or nighttime, the dwelling of Charles Williams . . . with intent to commit larceny or other felony

therein."  After a bench trial, the trial court found him guilty and sentenced him to ten years in

the penitentiary with five years suspended.  Appellant argues on appeal that (1) the trial court

erred in admitting "prior bad act" evidence, and (2) the evidence was insufficient to find him

guilty of breaking and entering "with the intent to commit larceny or [an]other felony."  We find

that the prior bad act evidence was admissible for the purposes noted by the trial court, and we

also find that the evidence was sufficient to convict appellant.

                                      I.  BACKGROUND

        Katherine Horne was in her second-floor apartment on the afternoon of June 29, 2005,

when she heard a noise outside.  She went outside and looked over her patio.  She saw someone

hanging in the sill of her downstairs neighbor's window, so that she could see the lower part of his body, but not his face. He had a red towel over his shoulder that Horne identified, using various specific characteristics, as the towel that was missing from her bathroom since the previous day when a burglary of her own apartment had occurred. There was a beige bag on the ground below the window.

She yelled down, "what are you doing?" The person in the window pulled his head out of the window and looked up at her. She saw it was appellant. He then jumped out of the window and ran away. Appellant later conceded that he was the person whom Horne saw.

Charles Williams and his roommate rented the apartment where Horne saw appellant. The window had broken earlier and was taped up and blocked with cardboard, although some glass was still in the window. The tape and cardboard were still in place when Williams left his home that morning. When he returned to the apartment after receiving a call from the police, "everything was down." He and his roommate knew appellant, but had not seen him in approximately six months. Williams did not give appellant permission to enter the apartment. Nothing was missing from the apartment. Williams's roommate did not testify nor did the owner of the apartment building.

Detective Frank Misiano investigated this incident and an incident the previous day that involved a break-in of Horne's apartment. The detective testified that "the apartment above [which was Horne's apartment] was broken into the day before . . . ." Detective Misiano talked to appellant as part of his investigation of the burglary of Williams's apartment. Appellant admitted he was in the backyard "passing through" on June 29. However, he did not claim that Williams or his roommate invited him there.

During the trial, when the Commonwealth examined Detective Misiano, the trial court admitted his testimony regarding the break-in of Horne's apartment "only as to the issues of absence of mistake or accident and intent."

## II. PRIOR BAD ACTS

Appellant argues that the evidence of the red towel and the break-in at Horne's apartment was not admissible. The admission of evidence is within the discretion of the trial court, and the decision of that court will not be overturned absent an abuse of discretion. Miller v. Commonwealth, 15 Va. App. 301, 304, 422 S.E.2d 795, 797 (1992), aff'd, 246 Va. 336, 437 S.E.2d 411 (1993). Generally, a trial judge should exclude evidence of other crimes, where introduced to establish a defendant's propensity to commit crime, which is not relevant to whether a defendant committed the particular crime in question. See Wilson v. Commonwealth, 16 Va. App. 213, 220, 429 S.E.2d 229, 233, aff'd on reh'g en banc, 17 Va. App. 248, 436 S.E.2d 193 (1993) ("[E]vidence of other specific, similar bad acts does not logically support the inference that, because an accused previously committed a similar act, he has a propensity to commit bad acts of this nature and, therefore, he probably committed the bad act with which he stands charged."). The Commonwealth concedes the evidence was inadmissible to show appellant's propensity to commit burglary.

However, this general rule has numerous exceptions, as the Commonwealth also notes on brief. As explained in Jennings v. Commonwealth, 20 Va. App. 9, 15, 454 S.E.2d 752, 755, aff'd on reh'g en banc, 21 Va. App. 328, 464 S.E.2d 179 (1995):

> For example, "such evidence is permissible in cases where the motive, intent or knowledge of the accused is involved." [Kirkpatrick v. Commonwealth, 211 Va. 269, 272, 176 S.E.2d 802, 805 (1970)]. Similarly, evidence of other crimes may be admitted to prove knowledge, or to refute a claim of mistake, or to prove identity where some aspect of the incident or the method by which the other crime is committed is so distinctive or "idiosyncratic" that the fact finder reasonably could infer that the same person

committed both crimes. Spencer [v. Commonwealth], 240 Va.
[78,] 89-90, 393 S.E.2d [609,] 616-17 [(1990)]. The rule
governing the admissibility of other crimes evidence is the rule of
relevance. When proof that the accused committed other crimes or
bad acts has a rational basis from which the fact finder reasonably
can infer the existence of a material fact or element of the charged
crime, the evidence is relevant.

As the trial court correctly noted, Horne's testimony that the red towel was the one from her bathroom was descriptive, including several specific characteristics that made her certain that the towel was hers.[1] She identified it as a red hand towel, one of a set with a specific design that had been in her bathroom prior to the burglary of her apartment. The trial court admitted evidence that the towel was taken in the previous burglary of Horne's home, "only as to the issues of absence of mistake or accident and intent." Evidence of prior bad acts is permissible in relation to these issues. See Kirkpatrick, 211 Va. at 272, 176 S.E.2d at 805 ("Such evidence is permissible in cases where the motive, intent or knowledge of the accused is involved, or where the evidence is connected with or leads up to the offense for which the accused is on trial."); Jennings, 20 Va. App. at 15, 454 S.E.2d at 755. Appellant told the police that he was "passing through" the alley, raising the issue of larcenous intent as to why he was in the window of the apartment. Appellant conceded that he was the person whom Horne saw in the window.

It is also important to note that this was a bench trial and not a jury trial. A trial court is presumed to consider evidence "only in its permissible context," and this trial court explicitly said that the evidence would only be considered in its permissible contexts. See Breeden v. Commonwealth, 43 Va. App. 169, 188, 596 S.E.2d 563, 572 (2004); Vanhook v. Commonwealth, 40 Va. App. 130, 135, 578 S.E.2d 71, 73 (2003). We must take the trial court at its word.

---

[1] Appellant does not argue that the towel belonged to someone other than Horne nor does he argue that Horne's apartment was not burglarized.

The facts of this case are unique in that the prior bad act occurred only one day before the burglary for which appellant was prosecuted here, occurred in the same building and just one floor above, and was directly linked to the crime we are considering here by the presence of the towel on appellant's shoulder as he was breaking into the apartment. We find that appellant's possession of a stolen towel while crawling in a window of an apartment goes to the issue of his intent to commit the crime. Having an item taken from an apartment in the same complex on the previous day certainly suggests that appellant entered Williams's apartment with the intent to commit larceny. The court properly considered the evidence of a prior bad act.

### III. SUFFICIENCY

For sufficiency issues, this Court examines the evidence in the light most favorable to the Commonwealth, as the party who prevailed below, and allows all reasonable inferences that support the conviction. See Archer v. Commonwealth, 26 Va. App. 1, 11, 492 S.E.2d 826, 831 (1997). Appellant argues the evidence was insufficient (1) to prove illegal entry into the apartment and (2) to prove the intent element of burglary.

Appellant argues that, to convict him of illegal entry, the Commonwealth needed to prove neither Williams's roommate nor "the owner of the premises" nor "the realty company" gave him permission to enter the apartment. However, the evidence was sufficient to prove appellant illegally entered the apartment, even though only Williams testified on this point. First, neither the owner nor the realty company could give appellant permission to enter the apartment, as the apartment was leased to Williams and his roommate. See Code § 55-248.18.

Moreover, the trial court could reasonably infer, see Turner v. Commonwealth, 218 Va. 141, 148-49, 235 S.E.2d 357, 360 (1977), that neither the roommate nor the owner gave appellant permission to enter the apartment given his method of entry. The witness observed appellant getting in the apartment through a window off a back alley, a window that was broken

- 5 -

and boarded up with cardboard and tape. This method of entry excludes the inference that he had permission to enter and certainly allows the inference that he did not have permission. In addition, the fact that appellant stopped crawling in the window, jumped down, and ran when seen by the neighbor supports the trial court's conclusion that appellant was guilty of unlawful entry. See Hope v. Commonwealth, 10 Va. App. 381, 386, 392 S.E.2d 830, 833 (1990) (*en banc*) ("[E]vidence of flight may be considered as evidence of guilt . . . ."). Finally, in his statement to the police, appellant did not claim he had permission to enter the apartment. He instead said that he was just walking through the alley and did not mention any attempt to enter the apartment.

The evidence excludes all reasonable hypotheses that appellant's entry was lawful. See Avent v. Commonwealth, 209 Va. 474, 480-81, 164 S.E.2d 655, 659-60 (1968). Nothing in the evidence suggests appellant had permission to enter. The evidence was sufficient to prove unlawful entry without testimony from the roommate, the apartment owner, and the realtor.

Appellant also claims the evidence did not prove he entered the apartment with the intent to commit larceny or another felony, as required by Code § 18.2-91 and the indictment. However, intent is usually proved by circumstantial evidence. See Ridley v. Commonwealth, 219 Va. 834, 836, 252 S.E.2d 313, 314 (1979). In burglary cases, the fact finder may infer from the entry that the purpose of the illegal entry was unlawful. Sandoval v. Commonwealth, 20 Va. App. 133, 138, 455 S.E.2d 730, 732 (1995). Further, "[i]n the absence of evidence showing a contrary intent, the trier of fact may infer that a person's unauthorized presence in another's house was with the intent to commit larceny." Id.; see also Hucks v. Commonwealth, 33 Va. App. 168, 178, 531 S.E.2d 658, 662 (2000).

No evidence here suggests any reason for appellant's entry into Williams's apartment other than larceny. Appellant's statement to the police did not provide any alternative reason

why he entered the home through the window off the alley. In addition, he had a bag with him, directly below the window. This evidence allowed the trial court to infer that appellant intended to take things from the home, put them into the bag, and steal those items. See Avent, 209 Va. at 480-81, 164 S.E.2d at 659-60. He was in possession of property that was stolen from a neighbor's apartment at the time he entered Williams's apartment. The evidence was sufficient for the fact finder to infer that appellant intended to commit larceny when he entered the home.[2]

IV. CONCLUSION

The trial court did not err in admitting evidence of a prior bad act for the purposes that it admitted that evidence, and the evidence was sufficient to prove appellant committed burglary with the intent to commit larceny. Therefore, we affirm his conviction.

<u>Affirmed.</u>

---

[2] Although the indictment and the Code section allow a conviction if the Commonwealth proves the illegal entry occurred with the intent to commit larceny *or* another felony, the Commonwealth does not argue that the evidence proves appellant intended to commit any felony other than larceny.