COURT OF APPEALS OF VIRGINIA


Present:    Chief Judge Felton, Judges Elder, Frank, Humphreys, Clements, Kelsey, McClanahan,
            Haley, Petty and Beales
Argued at Richmond, Virginia


HOWARD LEWIS VINCENT, JR.

                                                    MEMORANDUM OPINION* BY
v.       Record No. 2701-05-4                       JUDGE JAMES W. HALEY, JR.
                                                       NOVEMBER 20, 2007

COMMONWEALTH OF VIRGINIA


                              UPON A REHEARING EN BANC

             FROM THE CIRCUIT COURT OF THE CITY OF ALEXANDRIA
                              John E. Kloch, Judge

         Joan C. Robin, Senior Assistant Public Defender, for appellant.

         Benjamin H. Katz, Assistant Attorney General (Robert F.
         McDonnell, Attorney General, on brief), for appellee.



                                       I.


                           PROCEDURAL BACKGROUND

         This matter comes before the Court from an unpublished divided panel opinion rendered

on January 23, 2007 [07 Vap UNP 2701054 (2007)].  That opinion reversed the trial court.  By

order entered April 30, 2007, we granted the Commonwealth's petition for rehearing *en banc*,

stayed the mandate of the divided panel, and reinstated the appeal.

         Howard Lewis Vincent, Jr. was convicted in a bench trial of breaking and entering with

the intent to commit larceny in violation of Code § 18.2-91.  He challenges only the sufficiency

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

of the evidence supporting the intent with which he admittedly broke and entered.[1]  Finding that evidence sufficient, we affirm.

## II.

## FACTS

At approximately 6:33 a.m. on June 9, 2005, an intruder broke into the then closed Ross Store on North Washington Street in Alexandria.  The store's security cameras recorded the perpetrator entering the store by breaking a glass door with a metal pole and stepping inside the store.  The metal pole was found in the store.  The store was also equipped with an audible alarm system designed to sound when the store's entrance was breached or movement was detected within the store.  When the audible alarm system was tripped, a message was sent to the security company, which then contacted the police.  The security camera recorded some of the intruder's actions once inside, but was so located that for a number of minutes the intruder was not in view.  The recorded view does not show the intruder putting anything in his pockets.  The camera did, however, show the intruder leaving through the broken door at approximately 6:44 a.m.  The police arrived shortly thereafter and reviewed the security video, but a search of the immediate neighborhood was not productive.

The store sells, among other merchandise, watches, jewelry, household goods, and other "small items, which are very easy to conceal."  Because of a large inventory, and because the last in-store inventory had been taken one year before the break-in, the store manager could not testify whether any item or items had, or had not, been stolen.  The manager also testified that a shopping cart had been pushed "almost through" a rack of jeans and that that "merchandise was dispersed."

---

[1] Code § 18.2-90 reads in part:  "If any person . . . breaks and enters . . . ."  Code §18.2-91 reads in part:  "If any person commits any of the acts mentioned in § 18.2-90 with intent to commit larceny . . . he shall be guilty of statutory burglary."

At 5:53 p.m. on the day of the breaking and entering, Vincent was arrested for being drunk in public next to a 7-Eleven in the City of Alexandria. The police later that day recognized him from the security camera tape, and he was arrested for the burglary. No property identifiable as coming from Ross was found in his possession. Vincent did not testify, and here does not contest that he was the individual on that tape.

At trial, the Commonwealth argued that, pursuant to Ridley v. Commonwealth, 219 Va. 834, 252 S.E.2d 313 (1979), an inference arises, in the absence of evidence showing a contrary intent, that an unlawful entry is made with the intent to commit larceny. The trial court concluded: "I adopt the permissible inference."

III.

STANDARD OF REVIEW

Under our standard of review, we view the evidence and all reasonable inferences therefrom in the light most favorable to the Commonwealth. Commonwealth v. Hudson, 265 Va. 505, 514, 578 S.E.2d 781, 786, cert. denied, 540 U.S. 972 (2003); see also Parks v. Commonwealth, 221 Va. 492, 498, 270 S.E.2d 755, 759 (1980), cert. denied, 450 U.S. 1029 (1981); Pryor v. Commonwealth, 50 Va. App. 42, 46, 646 S.E.2d 21, 23 (2007). We "examine the evidence that tends to support the conviction and . . . permit the conviction to stand unless . . . [it] is plainly wrong or without evidentiary support." Commonwealth v. Presley, 256 Va. 465, 466, 507 S.E.2d 72, 72 (1998); see also Ford v. Commonwealth, 48 Va. App. 262, 265, 630 S.E.2d 332, 334 (2006). As here specifically relevant are the principles that "'[w]hether the required intent exists is generally a question for the trier of fact,'" Crawley v. Commonwealth, 25 Va. App. 768, 773, 494 S.E.2d 505, 507 (1997) (quoting Nobles v. Commonwealth, 218 Va. 548, 551, 238 S.E.2d 808, 810 (1977)), and that "[t]he fact finder may draw reasonable

inferences from the evidence that the perpetrator intended to commit one felony rather than another," Black v. Commonwealth, 222 Va. 838, 841, 284 S.E.2d 608, 609 (1981).

Further, under these standards, this Court "does not 'ask itself whether *it* believes that the evidence at trial established guilt beyond a reasonable doubt.'" Myers v. Commonwealth, 43 Va. App. 113, 118, 596 S.E.2d 536, 538 (2004) (emphasis in original) (quoting Crowder v. Commonwealth, 41 Va. App. 658, 663, 588 S.E.2d 384, 387 (2003)). Rather, with proper deference, we inquire "whether '*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" Haskins v. Commonwealth, 44 Va. App. 1, 7, 602 S.E.2d 402, 405 (2004) (emphasis added) (quoting Kelly v. Commonwealth, 41 Va. App. 250, 257, 584 S.E.2d 444, 447 (2003) (*en banc*)). "'This familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence and to draw reasonable inferences from basic facts to ultimate facts.'" Burrell v. Commonwealth, 50 Va. App. 72, 85, 646 S.E.2d 35, 42 (2007) (quoting Kelly, 41 Va. App. at 257-58, 584 S.E.2d at 447). Thus, we do not "substitute our judgment for that of the trier of fact" even if our opinion were to differ with that judgment. Wactor v. Commonwealth, 38 Va. App. 375, 380, 564 S.E.160, 162 (2002).

IV.

ANALYSIS

"'[W]hen an unlawful entry is made into a dwelling, the presumption is that the entry was made for an unlawful purpose.'"[2] Black, 222 Va. at 840, 284 S.E.2d at 609 (quoting Tompkins

---

[2] As we noted in Yap v. Commonwealth, 49 Va. App. 622, 632, 643 S.E.2d 523, 527 (2007): "Thus, a permissible inference is one that allows, but does not require, the fact finder to infer a possible conclusion from the facts proven, while placing no burden upon the accused." So understood, "the Due Process Clause does not prohibit the use of a permissive inference . . . [when] the prosecution retains the ultimate burden of proof beyond a reasonable doubt." Dobson v. Commonwealth, 260 Va. 71, 74-75, 531 S.E.2d 569, 571 (2000).

v. Commonwealth, 212 Va. 460, 461, 184 S.E.2d 767, 768 (1971)).  "This principle applies equally to business premises."  Hucks v. Commonwealth, 33 Va. App. 168, 175, 531 S.E.2d 658, 661 (2000); see also Ridley, 219 Va. at 836, 252 S.E.2d at 314.

"The specific purpose, meaning specific intent, with which such an entry is made may be inferred from the surrounding facts and circumstances."  Scott v. Commonwealth, 228 Va. 519, 524, 323 S.E.2d 572, 575 (1984).  "Intent is the purpose formed in a person's mind at the time an act is committed."  Commonwealth v. Taylor, 256 Va. 514, 519, 506 S.E.2d 312, 314 (1998); see also Guill v. Commonwealth, 255 Va. 134, 140, 495 S.E.2d 489, 492 (1998).  "Although the Commonwealth may prove by circumstantial evidence the specific intent to steal, that proof must be, as in all criminal cases, beyond a reasonable doubt."  Maynard v. Commonwealth, 11 Va. App. 437, 452, 399 S.E.2d 635, 644 (1990) (*en banc*).  However, "[i]n the absence of evidence showing a contrary intent, the trier of fact may *infer* that the defendant's unauthorized presence in . . . [the] building of another . . . was with intent to commit larceny."  Ridley, 219 Va. at 837, 252 S.E.2d at 314 (citations omitted) (emphasis added).  This Court has frequently cited the Ridley inference.  See Slaughter v. Commonwealth, 49 Va. App. 659, 667, 644 S.E.2d 89, 92 (2007); Hucks, 33 Va. App. at 178, 531 S.E.2d at 662; Sandoval v. Commonwealth, 20 Va. App. 133, 138, 455 S.E.2d 730, 732 (1995).

Vincent's argument may be succinctly stated:  the trial court erred in applying the Ridley inference because there was evidence showing a contrary intent at the time of his unlawful entry, that evidence being that Vincent's purpose, or his intent, at the time he entered was to damage property, not to steal property.[3]  The problem with this argument, however, is that the record

---

[3] Vincent cites Maynard, 11 Va. App. at 452, 399 S.E.2d at 644 for this proposition.  We agree with the proposition but not its application to the facts of this case.  In Maynard, the intruder, indicted for breaking and entering with intent to commit larceny, actually raped and robbed an inhabitant.  Those acts necessarily constituted evidence of an intent contrary to an intent to steal.

shows no evidence that property within the store was damaged in any way or in any amount. The only relevant evidence was that a shopping cart had been pushed into a rack of jeans and the "merchandise was dispersed."[4]

Likewise in support of this hypothesis, Vincent writes on brief: "[T]he facts . . . surrounding Mr. Vincent's entry into the store suggested an intent to vandalize the Ross store." We do not find this argument persuasive. The means by which a person breaks *into* a store is not the determining factor as to his intent *once within* the store. Indeed, the circumstances of the breaking here are strikingly similar to those employed in <u>Ridley</u>, where that Court found an intent to commit larceny proven. There, "the police officers found that a plate glass window . . . had been broken. The hole was large enough for a man to walk through. The window apparently had been broken by a large piece of cinder block which was found . . . just inside the broken window." <u>Ridley</u>, 219 Va. at 835, 252 S.E.2d at 313. Moreover, had it been appellant's intent to damage property within the store, he possessed the instrument to do so—the metal pole he used to break in, but dropped immediately upon entry.

Finally, Vincent argues that his hypothesis is a reasonable one consistent with his innocence. We concede there is a hypothesis. We do not agree it is a reasonable one upon the uncontested facts. As the Virginia Supreme Court has explained:

> We place too great a burden on the Commonwealth if we require it to exclude every possible theory or surmise presented by the defense. Our precedents do not require this. The hypotheses which the prosecution must reasonably exclude are those "which flow from the evidence itself, and not from the imagination of defendant's counsel."

<u>Black</u>, 222 Va. at 841, 284 S.E.2d at 609 (quoting <u>Turner v. Commonwealth</u>, 218 Va. 141, 148, 235 S.E.2d 357, 361 (1977)).

---

[4] On cross-examination, trial counsel used the word "disturbed" rather than "dispersed," as used by the store manager.

V.

CONCLUSION

Applying our standard of review set forth above, both as to the inference to the evidence granted the Commonwealth, and the deference to the trier of fact, the decision of the trial court is affirmed.

Affirmed.

# VIRGINIA:

*In the Court of Appeals of Virginia on*   **Tuesday**   *the*   **3rd**   *day of*   **April, 2007**.

Howard Lewis Vincent, Jr.,                                                                                    Appellant,

 against                    Record No. 2701-05-4
                           Circuit Court No. CF05000343

Commonwealth of Virginia,                                                                                    Appellee.

Upon a Petition for Rehearing En Banc

Before the Full Court

On February 5, 2007 came the appellee, by the Attorney General of Virginia, and filed a petition requesting that the Court set aside the judgment rendered herein on January 23, 2007, and grant a rehearing *en banc* thereof.

On consideration whereof, the petition for rehearing *en banc* is granted, the mandate entered herein on January 23, 2007 is stayed pending the decision of the Court *en banc*, and the appeal is reinstated on the docket of this Court.

Notwithstanding the provisions of Rule 5A:35, the following briefing schedule hereby is established:  Appellant shall file an opening brief upon rehearing *en banc* within 21 days of the date of entry of this order; appellee shall file an appellee's brief upon rehearing *en banc* within 14 days of the date on which the opening brief is filed; and appellant may file a reply brief upon rehearing *en banc* within 14 days of the date on which the appellee's brief is filed.  The appellant shall attach as an addendum to the opening brief upon rehearing *en banc* a copy of the opinion previously rendered by the Court in this matter.  It is further ordered that the appellee shall file twelve additional copies of the appendix previously filed in this case.

A Copy,

Teste:

Cynthia L. McCoy, Clerk

By:

Deputy Clerk

Present:   Judges Benton, Haley and Senior Judge Annunziata
Argued at Alexandria, Virginia


HOWARD LEWIS VINCENT, JR.
                                                    MEMORANDUM OPINION* BY
v.        Record No. 2701-05-4                JUDGE ROSEMARIE ANNUNZIATA
                                                         JANUARY 23, 2007
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF ALEXANDRIA
John E. Kloch, Judge

Joan C. Ruff, Senior Assistant Public Defender, for appellant.

Benjamin Katz, Assistant Attorney General (Robert F. McDonnell,
Attorney General; Deana A. Malek, Assistant Attorney General, on
brief), for appellee.


Howard Lewis Vincent, Jr. was convicted of breaking and entering with the intent to

commit larceny in violation of Code § 18.2-91.  On appeal, Vincent challenges the sufficiency of

the evidence to support his conviction.  Finding the evidence was insufficient to prove Vincent

possessed the intent to commit larceny at the time of the breaking, we reverse his conviction.

FACTS

Under familiar principles of appellate review, we examine the evidence in the light most

favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible

therefrom.  See Haskins v. Commonwealth, 31 Va. App. 145, 149-50, 521 S.E.2d 777, 779

(1999).

After 6:00 a.m. on June 9, 2005, a male intruder broke into the Ross Store on North

Washington Street in Alexandria.  The store was not open for business at the time.  The store's

_____
        * Pursuant to Code § 17.1-413, this opinion is not designated for publication.

security cameras recorded the perpetrator entering the store by breaking a glass door with a metal pole. The cameras also recorded some of the intruder's actions once inside. The perpetrator walked past the cash registers without touching them. Before he exited the store through the hole in the glass door, the perpetrator shoved a shopping cart at something outside the camera's range.

The Ross Store was equipped with an audible alarm system designed to sound when the store's entrance was breached or movement was detected within the store. When the audible alarm system was tripped, a message was sent to the security company, which then contacted the police.

At 6:40 a.m., the police went to the Ross Store in response to a reported alarm. When Stephen Gilbert, the store manager, arrived on the scene at about 6:45 a.m., the perpetrator was no longer in the store and no audible alarm was sounding. Gilbert and the police reviewed the videotape recorded by the store's security cameras. The police searched the vicinity of the store for the person depicted on the videotape, but did not locate anyone matching the physical characteristics of the intruder.

The police arrested Vincent for public intoxication at about 6:00 p.m. that same day near an Alexandria convenience store. Vincent's physical appearance matched that of the person recorded by the security cameras breaking into the Ross Store. The police searched Vincent, but did not find in his possession any merchandise belonging to the Ross Store.

Gilbert testified all the store's cash was accounted for, and he was unable to determine if any merchandise was missing from the store after the incident. The store's inventory included small items that could be easily concealed. Gilbert discovered that a shopping cart had been thrown into a rack of clothing, dispersing the merchandise.

ANALYSIS

In pertinent part, Code § 18.2-90 provides as follows:

> If any person in the nighttime enters without breaking or in the daytime breaks and enters or enters and conceals himself in a dwelling house or an adjoining, occupied outhouse or in the nighttime enters without breaking or at any time breaks and enters or enters and conceals himself in any building permanently affixed to realty . . . with intent to commit murder, rape, robbery or arson in violation of §§ 18.2-77, 18.2-79 or § 18.2-80, he shall be deemed guilty of statutory burglary . . . .

Code § 18.2-91 provides that "[i]f any person commits any of the acts mentioned in § 18.2-90 with intent to commit larceny, . . . he shall be guilty of statutory burglary[.]"

Vincent contends the evidence was insufficient to prove he intended to commit larceny at the time of the breaking and entering.

> Where, as in this case, "an indictment charges an offense which consists of an act combined with a particular intent, proof of the intent is essential to conviction." Patterson v. Commonwealth, 215 Va. 698, 699, 213 S.E.2d 752, 753 (1975). Although the Commonwealth may prove by circumstantial evidence the specific intent to steal, that proof must be, as in all criminal cases, beyond a reasonable doubt. Jones v. Commonwealth, 3 Va. App. 295, 299, 349 S.E.2d 414, 417 (1986).

Maynard v. Commonwealth, 11 Va. App. 437, 452, 399 S.E.2d 635, 644 (1990) (*en banc*).

Where unlawful entry is made onto business premises, "the presumption is that the entry was made for an unlawful purpose[.]" Ridley v. Commonwealth, 219 Va. 834, 836, 252 S.E.2d 313, 314 (1979). "In the absence of evidence showing a contrary intent, the trier of fact may infer that a defendant's unauthorized presence in a house or building of another . . . was with intent to commit larceny." Id. at 837, 252 S.E.2d at 314. However, no inference of larcenous intent is permissible where evidence demonstrates the defendant intended to commit a different crime when he broke into the building. See Maynard, 11 Va. App. at 452, 399 S.E.2d at 644 (where an intruder committed rape and sodomy after entering the home, and the evidence did not

- 3 -

prove the defendant also committed larceny, the circumstantial evidence did not "support an inference beyond a reasonable doubt that the intruder entered the victim's dwelling with the intent to commit larceny").

The evidence proved Vincent committed acts of vandalism at the Ross Store. He damaged the glass door of the store by throwing a metal pole through it. Once inside, Vincent pushed a shopping cart into a rack of clothes and dispersed merchandise, causing further property damage to the business. "[A] person is presumed to intend the immediate, direct, and necessary consequences of his voluntary act." Nobles v. Commonwealth, 218 Va. 548, 551, 238 S.E.2d 808, 810 (1977).

Moreover, the Commonwealth did not prove Vincent committed a larceny. Inside the store, Vincent did not tamper with the cash registers. The security cameras did not record Vincent concealing any property on his person and, when he was arrested on the day of the incident, he did not have any property belonging to the Ross Store in his possession, although the store's inventory included small items that could be easily concealed. Finally, the evidence failed to show that any merchandise was missing from the store after the incident. In light of this evidence, which indicated that Vincent's purpose was to vandalize the store, it was impermissible for the trial court to infer that Vincent entered the store with larcenous intent. See Maynard, 11 Va. App. at 452, 399 S.E.2d at 644. Therefore, the Commonwealth failed to prove beyond a reasonable doubt Vincent possessed the intent to commit larceny, a necessary element of the offense.

The circumstances of this case are unlike those in Hucks v. Commonwealth, 33 Va. App. 168, 173, 531 S.E.2d 658, 660 (2000), where the evidence proved the defendant entered an office building after hours without authorization. The evidence proved Hucks possessed a latex glove that would prevent his fingerprints from being detected and a screwdriver altered for use as a

- 4 -

burglary tool.  In addition, other similar screwdrivers were found in his car.  The evidence in

<u>Hucks</u> tended to prove the defendant intended to commit larceny but was prevented from

accomplishing his purpose by discovery.  The facts and circumstances in the present case,

however, tended to prove Vincent declined the opportunity to commit larceny.  He vandalized

the store, left the cash drawers undisturbed, and voluntarily exited the store without apprehension

and without indication he had taken any items.  When arrested, he was lying intoxicated next to a

trash dumpster.

CONCLUSION

For the foregoing reasons, we find the evidence was insufficient to prove appellant

possessed the intent to commit larceny inside the Ross Store.  Accordingly, we reverse

appellant's conviction of statutory burglary and dismiss the indictment against him.

<u>Reversed and dismissed.</u>

Haley, J., dissenting.

I respectfully dissent.

The instant case is controlled by Ridley v. Commonwealth, 219 Va. 834, 252 S.E.2d 313 (1979), and prior decisions of this Court.

In Ridley, appellant broke into a store in the nighttime, triggering a silent alarm, and was arrested within the building. Appellant "did not have in his possession any of the store's merchandise, and there was no indication that any merchandise had been tampered with or moved." Id. at 836, 252 S.E.2d at 314. The Supreme Court noted that proof of an intent to commit larceny "is as necessary as proof of the act [of breaking and entering] itself and must be established as a matter of fact." Id. In upholding the conviction, the Court stated:

> In the absence of evidence showing a contrary intent, the trier of fact may infer that a defendant's unauthorized presence in a house or building of another in the nighttime was with intent to commit larceny . . . . [T]he evidence warranted an inference that defendant's unauthorized presence in the . . . store . . . was with the specific intent to commit larceny.

Id. at 837, 252 S.E.2d at 314-15 (citations omitted).

The specific intent associated with a breaking and entering "may be inferred from the surrounding facts and circumstances." Tompkins v. Commonwealth, 212 Va. 460, 461, 184 S.E.2d 767, 768 (1971). See also Scott v. Commonwealth, 228 Va. 519, 524, 323 S.E.2d 572, 575 (1984).

In accordance with Ridley, the jurisprudence of this Court likewise recognizes that the trier of fact may, in the absence of evidence to the contrary, infer that a person's unauthorized presence in the business or home of another was with the intent to commit larceny. See Hucks v. Commonwealth, 33 Va. App. 168, 175, 531 S.E.2d 658, 661 (2000); Sandoval v. Commonwealth, 20 Va. App. 133, 137-38, 455 S.E.2d 730, 732 (1995).

- 6 -

After hearing the evidence and argument of counsel, in convicting the appellant the trial court stated: "I adopt the permissible inference."

The majority rejects the trial court's adoption, maintaining "no inference of larcenous intent is permissible where evidence demonstrates the defendant intended to commit a different crime when he broke into the building."[5] Relying on that proposition, the majority concludes that because the evidence "*indicated* that Vincent's purpose was to vandalize the store," the Ridley inference was inoperative. (Emphasis added.)

The evidence on which the majority relies is as follows:

First, appellant "damaged the glass door of the store by throwing a metal pole through it." The videotape shows appellant entered the store through that door. But the means by which a person breaks *into* a store has no relevance as to his intent *once within* the store. Indeed, here, as in Ridley, "a plate glass window . . . had been broken. The hole was large enough for a man to walk through." 219 Va. at 835, 252 S.E.2d at 314.

Secondly, as the majority writes, "Once inside, [appellant] pushed a shopping cart into a rack of clothes and dispersed merchandise, *causing further property damage to the business*." (Emphasis added.) The record contains no evidence whatsoever that the cart, the rack, or the dispersed merchandise was damaged in any way or in any amount.[6]

The majority cites no other facts in support of a conclusion that Vincent entered the store with the intent to commit property damage.

---

[5] The majority relies upon Maynard v. Commonwealth, 11 Va. App. 437, 399 S.E.2d 635 (1990), for this proposition. I agree with the proposition but not its application to the facts of this case. Unlike the instant case, in Maynard the intruder, indicted for burglary with intent to commit larceny, actually committed rape and sodomy, and stole nothing.

[6] On cross-examination, trial counsel used the word "disturbed," rather than "dispersed" as used by the store manager.

It is true that no store property was discovered on appellant when he was arrested as intoxicated at 5:53 p.m. Appellant broke into the store, as recorded on the videotape, nearly 12 hours earlier, at 6:33 a.m., and exited at 6:44 a.m. During appellant's time within the store, an audible alarm was sounding. The store does not sell alcohol. The store does sell, among other merchandise, watches, jewelry, household goods, and other "small items, which are very easy to conceal." Because of a large inventory, and because the last in-store inventory had been taken one year before the break-in, the store manager could not testify whether any item or items had, or had not, been stolen.

In Commonwealth v. Presley, 256 Va. 465, 466, 507 S.E.2d 72, 72 (1998), the Supreme Court stated, "When a defendant challenges on appeal the sufficiency of the evidence to sustain his conviction, it is the duty of an appellate court to examine the evidence that tends to support the conviction and to permit the conviction to stand unless the conviction is plainly wrong or without evidentiary support." Congruently, an appellate court is not permitted to substitute its own judgment for that of the finder of fact. Commonwealth v. Jenkins, 255 Va. 516, 520, 499 S.E.2d 263, 265 (1998).

On brief, appellant has argued, and the majority has concluded, that there is a reasonable hypothesis consistent with appellant's innocence. I concede there is a hypothesis; I do not agree it is a reasonable one. As the Supreme Court has explained:

> We place too great a burden on the Commonwealth if we require it to exclude every possible theory or surmise presented by the defense. Our precedents do not require this. The hypotheses which the prosecution must reasonably exclude are those "which flow from the evidence itself, and not from the imagination of defendant's counsel."

Black v. Commonwealth, 222 Va. 838, 841, 284 S.E.2d 608, 609 (1981) (quoting Turner v. Commonwealth, 218 Va. 141, 148, 235 S.E.2d 357, 361 (1977)).

For the foregoing reasons, I would affirm the trial court.